CARMELO RODRÍGUEZ CRESPO, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1200. Submitted December 16, 1946.—Decided December 21, 1946.

*Andrés Mena* for appellant. The registrar did not appear.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

By a deed executed on March 10, 1941, Cruz A. Medina acquired by purchase from Felícita Lozano a tract of land located in the ward of Tomás de Castro, Caguas, with an area of 3,730.40 square meters. Said deed and the buildings erected on the land by Mrs. Medina, were recorded in the registry. Subsequent to the acquisition of said property by Mrs. Medina, she segregated therefrom and sold to various persons a total of 900 square meters, and the area of the property was reduced to 2,830.40 square meters. The segregations were duly recorded.

By a deed of October 7, 1946, Mrs. Medina sold to Carmelo Rodríguez Crespo, appellant herein, the parcel of 2,830.40 square meters. The registrar refused the record sought 'because of the failure to comply with the provisions of the last paragraph of Art. 1 of the Subdivision Regulations adopted by the Puerto Rico Planning, Urbanizing, and Zoning Board, which provide that the registrar of property, before accepting such division or segregation for registration, shall require from the interested party a certificate issued by the Board approving the same.''

The appellant urges that the Subdivision Regulations, on which the registrar based his refusal, are not applicable to this case because the law has no retroactive effect and the property sold by Medina to the appellant was recorded in 1941.

██ The appellant is right. The Subdivision Regulations adopted by the Planning Board were promulgated by the Governor of Puerto Rico on June 29, 1944, and published on August 4 of the same year. They, therefore, became effective on September 4, 1944. As the segregations by virtue of which the property was reduced to 2,830.40 square meters were made and recorded in 1941, the Regulations cited by the registrar can not be retroactively applied so as to require the approval by the Planning Board of a segregation or division carried out three years prior to the promulgation and effectiveness of the Regulations. See *Sepúlveda* v. *Registrar,* 64 P.R.R. 428, and *Matos* v. *Planning Board, ante,* p. 417.

The deed of October 7, 1946, the recording of which was denied, contains no division or segregation. The only thing involved is the sale of the remaining portion of the property after various segregations were made and recorded prior to the date on which the Subdivision Regulations became effective. The owner of such remaining portion is entitled to sell the whole of it without the necessity of procuring a permit from the Planning Board.

The decision appealed from should be reversed, and the registrar ordered to effect the registration sought.

Mr. Justice Snyder did not participate herein.

ON RECONSIDERATION

Mr. Justice de Jesús delivered the opinion of the court.

By deed of October 7, 1946, the appellant bought from Cruz A. Medina a lot of 2830.40 meters with certain buildings. It was stated in the deed that the vendor had acquired the lot by purchase from Felícita Lozano; that when she bought it it had an area of 3730.40 meters but that by virtue of certain segregations which amounted to 900 meters, the 3730.40 meters had been reduced to 2830.40 meters, object of the sale. Upon presenting the deed in the registry of property, the registrar refused to record it because of failure to comply with the Subdivision Regulations which required, as a condition precedent to the recordation of a division or segregation of lands of a certain area, that the deed be accompanied by the plat approved by the Planning Board of Puerto Rico or by a certificate showing that the Board had dispensed with the preparation of the plat.

██ In the appellant's brief in support of the appeal taken from the registrar's decision, he alleges that the land sold was the remainder of the lot of 3730.40 meters after having made segregations amounting to 900 meters which were previously recorded. The registrar did not file any brief in support of his decision [1] and this court, considering that the sale involved a remanent and that, as alleged by the appellant, the segregations had been previously recorded, reversed the registrar's note.

However, the registrar who, as we have already said, had not filed any brief in support of his decision, filed a motion for reconsideration in which he certified that according to the entries in the registry, the property sold consisted originally of one *cuerda* of land, that is, 3930.40 meters, and that from the whole of the 3930.40 meters segregations had been made and recorded which amounted to 900 meters, to

---

[1] We have repeatedly called the attention of the registrars to the fact that it is their duty of file briefs in administrative appeals. In these appeals the presentation of briefs is most necessary, inasmuch as they are decided without a hearing.

wit: 200 meters which Felícita Lozano had segregated and sold to Guadalupe Ramos prior to the sale which she made to Cruz A. Medina plus 700 meters which were segregated by the latter as follows: 200 meters which she sold to Luciano Lozano by deed of May 7, 1942; 195 meters which she sold to Pío Ramos by deed of September 22, 1941; 105 meters which she sold to Luis Aponte by deed of September 22, 1941, and 200 meters which she segregated and sold to Monserrate Mulero on July 3, 1944.

If, as revealed by the registry, from the 3930.40 meters which was the original area of the property, according to the first entry, 900 meters have been segregated, the remaining portion, which according to the registry belonged to Cruz A. Medina, should have an area of 3030.40 meters and not of 2830.40 meters as stated in the deed object of this appeal. Under these circumstances, it may rationally be inferred that Cruz A. Medina segregated 200 meters of land which have not been recorded in the registry. Since this segregation might have been made subsequent to June 29, 1944, when the Subdivision Regulations were promulgated, if such is the case then, upon segregating those 200 meters which are not recorded, a plat must have been made and submitted to the Planning Board for its approval or the proper certificate must have been obtained in order to establish that the Board dispensed with its presentation.

Assuming that the purchaser of those 200 meters did not deem it convenient to record his title, the appellant should have then presented the above-mentioned plat or a certificate of dispensation in order that, after establishing his compliance with the law when he segregated the 200 meters, the registrar could have recorded the sale of the remaining portion.

The appellant filed a motion opposing the reconsideration sought by the registrar, but it does not sufficiently contradict the facts set forth in the motion for reconsidertaion. Appellant erroneously alleges that from the 3730.40 meters purchased by Cruz A. Medina, the latter had segregated 900

meters when the truth is that the segregations made by her only amounted to 700 meters. As we have seen, when Cruz A. Medina purchased, the former owner had already segregated 200 meters from the 3930.40 meters latter being the original area of the property, according to the first entry.

Appellant accounts for the difference of 200 meters in that our system of registration is not traced on the triangulation or cubic measurement of lands of Puerto Rico. Appellant might be right if he would have established by means of the proper survey certificate that the area of the property appearing in the first entry was erroneous and that the survey revealed that the real area was 3730.40 meters, but this survey certificate was not presented and we must accept as correct the entries of the registry unless otherwise proven.

Our decision of December 21, 1946, must be reconsidered and the decision appealed from affirmed.